UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YANDRI BETANCOURT BACALLAO,

Petitioner,

v. Case No.: 2:26-cv-02704-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al*,

Respondents,
_______________________________/

# OPINION AND ORDER

Before the Court are petitioner Yandri Betancourt Bacallao's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).

Betancourt Bacallao is a native of Cuba who entered the United States without inspection on March 5, 2022. Customs and Border Patrol (CBP) apprehended him, commenced removal proceedings by issuing a notice to appear, and released him under an order of release on recognizance. The government detained Betancourt Bacallao on February 24, 2026—the record does not reflect the circumstances. On April 6, 2026, an immigration judge ordered Betancourt Bacallao removed to Cuba. Betancourt Bacallao reserved the right to appeal but did not exercise that right. As a result, the removal order became administratively final on May 7, 2026.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, the 6-month period commenced when the removal order became administratively final on May 7, 2026. Thus, Betancourt Bacallao's detention is presumptively reasonable until November 3, 2026.

Accordingly, it is hereby

**ORDERED:**

Yandri Betancourt Bacallao's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on October 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record